UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MARROQUIN LIMA,<br><br>    Petitioner,<br><br>    v.<br><br>MINGA WOFFORD, Administrator, et al.,<br><br>    Respondents. | No.  1:25-cv-01390-SKO (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>[THIRTY DAY DEADLINE] |

    Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a petition for writ of habeas corpus challenging his detention by the United States Department of Homeland Security ("DHS").

    Petitioner entered the United States on or about July 2004 without inspection or admission. Thereafter, Petitioner filed an application seeking asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture. On April 13, 2016, the applications were administratively closed without having been adjudicated. On May 15, 2025, DHS moved to reopen and re-calendar the administratively closed proceedings. To date, the matter has not been placed on the Immigration Court's calendar. On August 5, 2025, Petitioner was taken into custody pursuant to new DHS policy determining that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

    Petitioner contends that his detention is unlawful because DHS's application of

§ 1225(b)(2) is incorrect and violates the Immigration and Nationality Act. He contends his continued detention without a bond hearing to determine whether he is a flight risk or danger to others violates his due process rights.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.

2. Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **October 20, 2025**                     /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE