UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MARROQUIN LIMA,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, Administrator, et al.,<br><br>Respondents. | No. 1:25-cv-01390-SKO (HC)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties having consented to the jurisdiction of a magistrate judge, on November 5, 2025, the case was assigned to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). (Doc. 11.)

On October 17, 2025, Petitioner filed a petition for writ of habeas corpus challenging his detention by the United States Department of Homeland Security ("DHS"). On October 20, 2025, the Court issued an order directing Respondent to show cause why relief should not be granted. (Doc. 3.) On November 2, 2025, Petitioner filed a motion for temporary restraining order. (Doc. 6.) On November 3, 2025, the District Court issued a minute order holding the motion in abeyance pending submission of medical records. (Doc. 8.) The Court noted that Petitioner had moved for emergency relief alleging a chronic medical condition had been aggravated by detention and was not being adequately addressed by the institution. The Court

1

noted that Petitioner had not attached any medical records or evidence that would permit the Court to evaluate whether Petitioner's medical situation justifies emergency treatment of a motion the Court would otherwise be inclined to find has been unreasonably delayed pursuant to Local Rule 231(b).

On November 9, 2025, Petitioner responded to the minute order by submitting a declaration and medical records in support of the motion. (Doc. 12.)

## DISCUSSION

### I.     Legal Standard

Local Rule 231(b) provides:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

### II.    Unreasonable Delay

Petitioner was returned to detention on August 5, 2025. He filed his habeas petition in this Court over two months later on October 8, 2025. He then delayed almost another month before filing the instant motion for temporary restraining order on November 2, 2025.

Petitioner states he could not have presented the motion earlier because he was repeatedly transferred until he arrived in Mesa Verde Detention Center, he received incomplete legal advice, his pain has become so excruciating that he sought a second opinion, and his family needed time to locate an attorney and gather resources.  According to the records, Petitioner has been at Mesa Verde since September 11, 2025, so any interference due to transfers between institutions ended then.  He did not file his petition until October 8, 2025. Petitioner states his worsening medical condition prompted him to seek new counsel, which resulted in retaining current counsel and the filing of the instant motion for temporary restraining order. As previously noted, the Court directed Petitioner to provide medical records or evidence demonstrating this worsening condition.

According to the records submitted, Petitioner suffers from a chronic condition called

1    Multiple Hereditary Exostoses ("HME"), which causes multiple non-cancerous, cartilage-capped
2    bony growths (osteochondromas) on the bones. (Doc. 12 at 2.) Petitioner also suffers from
3    diabetes which requires constant care. However, Petitioner acknowledges that his diabetic
4    condition is being adequately managed.  (Doc. 12 at 3.) As to HME, Petitioner has undergone
5    approximately seven surgeries to treat the condition, and he was recovering from surgery and had
6    only attended to managerial duties at his work at the time of detention. Petitioner alleges his HME
7    is chronic, requires continued multidisciplinary medical care, necessitates accommodations in
8    occupational and personal settings, and may necessitate orthopedic consultation, imaging
9    surveillance, and potentially surgical intervention. (Doc. 12 at 3.) He states that although facility
10   medical staff had noted the condition, the records show that no treatment plan has been outlined
11   for the condition, such as orthopedic and surgical consultation. (Doc. 12 at 3.) He states the
12   current treatment focuses on pain management, which is insufficient to alleviate his excruciating
13   pain and mobility concerns. (Doc. 12 at 3.)

14        The Court has reviewed the medical records and finds no evidence of a worsening
15   condition to account for the undue delay.  The records show Petitioner is under constant care, his
16   complaints concerning HME have been addressed, and his requests for medical care in general
17   have repeatedly and consistently been addressed. Petitioner has made requests for medical care,
18   but they have not been about joint or back pain due to HME.

19        On September 11 and 12, 2025, Petitioner was screened by medical staff on admission to
20   Mesa Verde Detention Facility. Medical staff noted his various health conditions, including his
21   prior surgeries regarding his HME condition, and his chronic pain, which at the time he noted was
22   a level 6 out of 10. (Doc. 12-2 at 84-89.) Petitioner advised staff: "I need my ibuprofen,
23   acetaminophen" for his pain which he compared to arthritis. (Doc. 12-2 at 95.) Medical staff
24   continued his medication as he had been prescribed prior to detention and accommodated his
25   disability with a lower bunk. (Doc. 12-2 at 84-89.)

26        On September 14, 2025, Petitioner complained that he did not want his "diet food"
27   anymore and wanted normal food instead. (Doc. 12-2 at 81.)  Medical staff advised him on the
28   necessity of his diet plan, and he agreed to continue it. (Doc. 12-2 at 81.)

1    On September 17, 2025, and September 24, 2025, Petitioner had medical visits concerning his diabetic condition. (Doc. 12-2 at 41.) Numerous tests were performed, (Doc. 12-2 at 41), and he denied any other medical complaints (Doc. 12-2 at 66).

On October 2, 2025, Petitioner complained that he had been feeling dizzy for a week, had ringing in his ears, and felt weak. (Doc. 12-2 at 60.) ECG tests and blood work were performed, and he was advised to increase his fluid intake. (Doc. 12-2 at 60.)

On October 22, 2025, Petitioner complained again about his current dietary plan. (Doc. 12-2 at 53.) He stated he wanted normal food, not diet food, but no other concern was voiced. (Doc. 12-2 at 53.)

Based on the records, there is no evidence of a worsening condition that is not being properly managed. There is no evidence of excruciating pain that is not being addressed. Rather, the evidence shows Petitioner has a ready avenue to raise medical concerns, and his concerns are immediately addressed when made. To date, his concerns have only been about the type of food he is being given and dizziness from lack of fluids. The Court finds Petitioner's allegations completely unsupported by the medical records.

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion for temporary restraining is DENIED as unduly delayed pursuant to Local Rule 231(b).

IT IS SO ORDERED.

Dated:   **November 12, 2025**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE