1
2
3
4

5          **UNITED STATES DISTRICT COURT**

6          **EASTERN DISTRICT OF CALIFORNIA**

7
8
9
10

11   RONALDO MARROQUIN LIMA,              )   Case No.: 1:25-cv-01390-SKO (HC)
                                          )
12              Petitioner,               )
                                          )
13                                        )   ORDER GRANTING PETITION FOR WRIT OF
                                          )   HABEAS CORPUS, DIRECTING RESPONDENT
14       v.                               )   TO PROVIDE PETITIONER WITH A BOND
                                          )   HEARING WITHIN SEVEN DAYS, OR IN THE
15                                        )   ALTERNATIVE, RELEASE PETITIONER
                                          )
16   MINGA WOFFORD, et al.,               )
                                          )   ORDER DIRECTING CLERK OF COURT TO
17              Respondents.              )   ENTER JUDGMENT AND CLOSE CASE
                                          )
18   _____)

19          Petitioner Ronald Marroquin Lima is an immigration detainee proceeding with counsel with a

20   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  All parties having consented to the

21   jurisdiction of the Magistrate Judge, on November 5, 2025, the case was assigned to the undersigned

22   for all purposes, including trial and entry of final judgment. (Doc. 11.)

23          Petitioner filed a habeas petition challenging his current detention on October 17, 2025. (Doc.

24   1.) On October 20, 2025, the Court issued an order directing Respondent to show cause why the

25   petition should not be granted. (Doc. 3.) On November 2, 2025, Petitioner filed a motion for

26   temporary restraining order. (Doc. 5.) The Court held the motion in abeyance pending submission of

27   medical records in support of the motion. (Doc. 8.) Petitioner responded to the Court's order on

28

1

November 9, 2025. (Doc. 12.) On November 13, 2025, the Court denied the motion for temporary restraining order. (Doc. 13.)  On November 19, 2025, Respondent filed a response to the petition. (Doc. 14.) Petitioner filed a reply on December 3, 2025. (Doc. 15.)

## BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States without admission on or about August 15, 2004.  (Doc. 14-2 at 2.) On September 2, 2004, the Bureau of Immigration and Customs Enforcement ("ICE") processed a Notice to Appear charging Petitioner under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) as being an alien present in the United States who had not been admitted or paroled. (Doc. 14-3 at 2.) Petitioner was detained pursuant to 8 U.S.C. § 1226(a). (Doc. 14-3 at 8.) After conducting a custody determination, on September 15, 2004, ICE released Petitioner on bond. (Doc. 14-3 at 8.) When Petitioner failed to appear at his scheduled immigration hearing, an Immigration Judge ("IJ") ordered his removal in abstentia. (Doc. 14-3 at 8, 10.) His bond was revoked on November 13, 2007. (Doc. 14-3 at 8, 12.)

In June 2014, Petitioner's immigration case was reopened at his request. (Doc. 14-2 at 2.) On April 13, 2016, the IJ administratively closed the proceedings without adjudication of Petitioner's applications. (Doc. 14-3 at 14.) On May 15, 2025, the Department of Homeland Security ("DHS") moved to recalendar the administratively closed proceedings. To date, the matter has not been placed on the immigration court's calendar.

On August 5, 2025, Petitioner was taken into custody without warrant by ICE officers near Buffalo, New York, and detained at Batavia Federal Detention Center. (Doc. 14-3 at 5-8.) On August 12, 2025, Petitioner filed a custody redetermination request. (Doc. 14-3 at 16-17.) The IJ denied the request, finding it lacked jurisdiction over the request. (Doc. 14-3 at 16-17.) On September 11, 2025, Petitioner was transferred to the Mesa Verde ICE Processing Center where he has remained today, without a scheduled hearing date in immigration court.

## JURISDICTION AND LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the petitioner "is in custody

2

1  in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

2  "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

3  immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-

4  Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12

5  (9th Cir. 2011)).

**DISCUSSION**

7        Petitioner claims that the mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not

8  apply to noncitizens like him who previously entered the country without inspection and were placed

9  in standard removal proceedings. He claims such noncitizens are detained pursuant to § 1226(a), and

10  because he is detained pursuant to § 1226, not § 1225(b), he is entitled to a bond hearing. He further

11  claims the Government's detention of Petitioner without a bond redetermination hearing to determine

12  whether he is a flight risk or danger to others violates his due process rights.

13        Respondent takes the position that § 1225(b) applies to all "applicants for admission"; that is,

14  aliens present in the United States who have not been admitted. Because Petitioner is detained per §

15  1225(b), Respondent contends, Petitioner has no statutory right to a bond hearing.

16        This case is one of statutory interpretation, and the Court's analysis begins with the text of the

17  statute. See Lackey v. Stinnie, 604 U.S. 192, 199 (2025).

18  I.     Statutory Framework

19        Two statutory sections govern the detention of noncitizens prior to a final order of removal: 8

20  U.S.C. §§ 1225 and 1226. Section 1225 governs the detention of noncitizens seeking admission into

21  the United States. See Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). As relevant here, section

22  1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the

23  examining immigration officer determines that an alien seeking admission is not clearly and beyond a

24  doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this

25  title." 8 U.S.C. § 1225(b)(2)(A). "A noncitizen detained under [s]ection 1225(b)(2) may be released

26  only if he is paroled 'for urgent humanitarian reasons or significant public benefit' pursuant to 8

27  U.S.C. § 1182(d)(5)(A)." Gomes v. Hyde, 25 Civ. 11571, 2025 WL 1869299, at *2 (D. Mass. July 7,

28  2025). "Other than this limited exception[,] . . . detention under § 1225(b)(2) is considered mandatory .

3

. . [and] [i]ndividuals detained under § 1225 are not entitled to a bond hearing." <u>Lopez Benitez v. Francis</u>, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *3 (S.D.N.Y. Aug. 13, 2025). Further, under § 1225(b)(2)(A), detention is mandatory "until removal proceedings have concluded."

While section 1225 "authorizes the Government to detain certain aliens *seeking admission into the country*," section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." <u>Jennings</u>, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out the "default rule" for noncitizens already present in the country. <u>Id</u>. at 288. It provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [T]he Attorney General--
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on--
> (A) bond . . . ; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). "Section 1226(a), therefore, establishes a discretionary detention framework." <u>Lopez Benitez</u>, 2025 WL 2371588, at *3 (internal citations omitted). An immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge. 8 C.F.R. § 1236.1(c)(8), (d)(1). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" <u>Hernandez v. Sessions</u>, 872 F.3d 976, 982 (9th Cir. 2017) (citing <u>In re Guerra</u>, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Here, Petitioner was initially detained in 2004 pursuant to § 1226. He was released on bond. When Petitioner was recently re-detained on August 5, 2025, he requested a bond redetermination hearing. On August 19, 2025, the IJ denied bond, finding it lacked jurisdiction over Petitioner's request because he was detained under § 1225(b).

A.   <u>Section 1225(b) Does Not Apply to Petitioner.</u>

The Government contends that the applicable detention authority in this case is section 1225(b), because Petitioner is an "applicant for admission." The statute defines an "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the

United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1).

The Government's argument that section 1225(b) applies to all noncitizens present in the United States without admission is not plausible. The Government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. See Guerrero Lepe v. Andrews, 25-cv-01163-KES-SKO (E.D. Ca. Sept. 23, 2025). As the Government acknowledges, this Court reached this conclusion in Guerrero Lepe, 25-cv-01163-KES-SKO and Menjivar Sanchez v. Wofford, 25-cv-01187-SKO (E.D. Ca. Oct. 17, 2025). Other district courts to consider the question have reached a similar conclusion. See, e.g., Lopez Benitez v. Francis, No. 25-Civ-5937, 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); Martinez v. Hyde, No. CV 25-11613-BEM, 2025 WL 2084238, at *9 (D. Mass. July 24, 2025); Gomes v. Hyde, No. 1:25-cv-11571-JEK, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Lopez-Campos v. Raycraft, No. 2:25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, No. 3:25-cv-01093-JE, Doc. 20 (W.D. La. Aug. 27, 2025); Doc. 11, Benitez v. Noem, No. 5:25-cv-02190 (C.D. Cal. Aug. 26, 2025); Leal-Hernandez v. Noem, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); Romero v. Hyde, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); Arrazola-Gonzalez v. Noem, No. 5:25-cv-01789-ODW, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Aguilar Maldonado v. Olson, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Dos Santos v. Noem, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Rocha Rosado v. Figueroa, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); Maldonado Bautista v. Santacruz, No. 5:25-cv-01874-SSS-BFM, *13 (C.D. Cal. July 28, 2025). However, other courts have determined that the Government's expansive interpretation of § 1225(b)(2)(A) as applicable to all applicants for admission is plausible. See Cortes Alonzo v. Noem, 25-cv-01519-WBS-SCR (E.D. Ca. Nov. 17, 2025); Chavez v. Noem, 2025 WL 2730228 (S.D. Ca. Sept. 24, 2025);

Vargas Lopez v. Trump, 2025 WL 2780351 (D. Neb. Sept. 30, 2025). The majority of courts that have considered the issue, however, have uniformly rejected the Government's new interpretation of statute.

In its response, the Government maintains the same position as before, that § 1225(b)(2)(A) applies to Petitioner. The Government proffers no new argument to question the Court's prior decisions that its interpretation is incorrect. Accordingly, the Court will grant the petition for the same reasons expressed in Guerrero Lepe, Case No. 1:25-cv-01163-KES and Menjivar Sanchez, 25-cv-01187-SKO.  In sum, the Court finds Petitioner is detained pursuant to § 1226(a), is not subject to mandatory detention under section 1225(b)(2)(A), and was wrongfully denied his request for a custody redetermination hearing.

II.      Remedy

Petitioner contends he should be immediately released, or in the alternative, provided with a bond hearing pursuant to § 1226(a) within seven (7) days to determine whether he is a flight risk or danger to others. Respondent argues that if the Court determines Petitioner's detention is governed by § 1226(a), the Court should order Respondents to provide Petitioner with a bond hearing to consider the merits of release under § 1226(a) subject to the statute's general discretionary review process. As noted above, the Court finds Petitioner is detained pursuant to §1226(a) and must be given a bond hearing. The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence. See Singh v. Holder, 638 F.3d 1196, 1203-06 (9th Cir. 2011).

Thus, Petitioner must be provided a bond hearing before an immigration judge, and Petitioner must be released on bond unless the Government establishes by clear and convincing evidence that he is a flight risk or danger to the community.  Id. at 1203 (citing Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942, 951 (9th Cir. 2008). If a bond hearing is not timely provided, Petitioner is to be released.

6

1

**ORDER**

2     Accordingly, IT IS HEREBY ORDERED:

3     1)   The petition for writ of habeas corpus is GRANTED.

4     2)   Respondent is DIRECTED to provide Petitioner with a bond hearing before an

5          Immigration Judge within seven (7) days of this Order wherein the Government must

6          establish by clear and convincing evidence that Petitioner is a flight risk or danger to the

7          public. Respondent is further DIRECTED to provide Petitioner prompt, advanced notice of

8          this hearing to enable Petitioner to prepare for said hearing.

9     3)   If a bond hearing is not provided within seven (7) days, Petitioner is to be released from

10         custody, and upon release, should Respondent seek to re-detain Petitioner, it must provide

11         no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond

12         hearing before a neutral arbiter wherein the Government must establish by clear and

13         convincing evidence that Petitioner is a flight risk or danger to the public and at which

14         Petitioner's eligibility for bond must be considered.

15    4)   The Clerk of Court is directed to enter judgment and close the case.

16

17   IT IS SO ORDERED.

18   Dated:   **December 9, 2025**                    _/s/ Sheila K. Oberto_

19                                           UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28